UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JOHN DOE subscriber assigned IP address 73.66.196.181,<br><br>　　　　　Defendant. | Case 2:23-cv-03022-TLN-CKD<br><br>ORDER |

On December 27, 2023, plaintiff Strike 3 Holdings, LLC filed this copyright infringement action against defendant John Doe subscriber, assigned IP address 73.66.196.181. (ECF No. 1.) On January 20, 2024, the undersigned granted plaintiff's ex parte application for leave to serve a third-party subpoena. (ECF No. 4.) Pursuant to the court's order, plaintiff was permitted to serve a subpoena on the ISP provider to establish identity of the owner of the IP address. (Id. at 4.) Plaintiff was instructed that no formal service of process or revelation of the identity of the defendant shall be permitted absent further order of this court. (Id. at 5.)

On February 9, 2024, defendant filed a notice of request to seal and a motion to quash the third-party subpoena. (ECF Nos. 5, 6.) Plaintiff filed an opposition to the motion to quash

on February 20, 2024.  (ECF No. 7.)  As set forth below, the undersigned grants defendant's request to seal and denies defendant's motion to quash.

## I. Request to Seal

Defendant seeks to seal the motion to quash because it "has Defendant['s] identity on it." (ECF No. 5 at 1.)  Plaintiff does not oppose entry of an order sealing the motion because, while defendant's identity is not revealed, his network settings and password are revealed in the motion. (See ECF No. 7 at 2, fn. 1.)

The court notes that defendant has not complied with Local Rule 141 which governs requests to seal filed with the court.  However, as defendant proceeds pro se and because plaintiff does not oppose defendant's request, the undersigned grants defendant's request to seal.  Defendant is cautioned that there is a strong presumption that all documents filed with the court should be publicly accessible and cautioned that any future requests to seal documents in this court must comply with Local Rule 141.

## II. Motion to Quash

"Under Federal Rule of Civil Procedure 45, any party may serve a subpoena that commands a non-party 'to produce documents, electronically stored information, or tangible things....' " Soto v. Castlerock Farming & Transp., Inc., 282 F.R.D. 492, 504 (E.D. Cal. 2012) (citing Fed. R. Civ. P. 45(a)(1)(C)).

When a party timely files a motion to quash, a district court must "quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).  Additionally, a district court "may ... quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B).  The party issuing the

subpoena must demonstrate that the discovery is relevant, while the party seeking to quash the subpoena has the burden of persuasion.  Soto, 282 F.R.D. at 502.

Here, defendant argues that the court should quash the third-party subpoena because his internet password is easy to guess, and his "network" is accessible by "anyone" from a nearby parking lot.  (See ECF No. 6 at 1–2.)  In other words, defendant asks the court to quash the subpoena because he is not the alleged infringer.  To the extent defendant alleges factual innocence, such a consideration is premature and may be raised in a motion to dismiss.  Strike 3 Holdings, LLC v. Doe, 2021 WL 859506, at *2 (E.D. Cal. Mar. 8, 2021).  Further, defendant's identity remains (temporarily) protected by the Court's order, which expressly cautions "that until permission is given by the court [Plaintiff] is not to reveal the identity of the defendant in or out of court."  (ECF No. 4 at 5.)  For these reasons, defendant's motion to quash the subpoena is DENIED.

### ORDER

Accordingly, it is HEREBY ORDERED that:

1. Defendant's Request to Seal, ECF No. 5, is GRANTED.

2. The Clerk of Court is instructed to SEAL the documented filed at ECF No. 5.

3. Defendant's Motion to Quash, ECF No. 6, is DENIED.

Dated:  February 29, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,stri.3022